184 N.J. Super. 243 (1982)
445 A.2d 486
WALTER SWISS, PLAINTIFF,
v.
DAWN LYNN WILLIAMS, DEFENDANT.
Superior Court of New Jersey, District Court Mercer County.
January 29, 1982.
*246 Walter Swiss pro se.
E. John Wherry, Jr., for defendant (Wherry & Wszolek, attorneys).
*247 BRENNAN, P.J.D.C.
This small claim action came on for bench trial before the court on the complaint of plaintiff Walter Swiss seeking to recover the sum of $600 for an alleged breach of contract on the part of defendant Dawn Lynn Williams. The subject matter of the dispute is an aborted sale of storm windows and doors by plaintiff to defendant. On the trial date, with consent of plaintiff, an affirmative defense and counterclaim were permitted to be verbally asserted by defendant, sounding in breach of consumer protection laws on the part of plaintiff in effectuating the sale.
The facts of the case are not in substantial dispute. Only plaintiff testified at trial, and based on his testimony the court finds that plaintiff is engaged in the part-time business of selling and installing storm windows and doors for residential dwelling houses. In furtherance of this business plaintiff makes unsolicited visits to newly purchased homes in housing developments for the purpose of selling to the occupants the storm windows and doors for which he is a factory representative.
Pursuant to this business practice, on August 29, 1981 plaintiff called upon defendant at her home at 75 Misty Morn Lane, Ewing Township, Mercer County, New Jersey, and discussed the sale and installation of storm windows and doors with her. As a result of this solicitation by plaintiff, the parties entered into a written agreement whereby plaintiff agreed to furnish and install nine storm windows, a storm door and a patio screen for the sum of $767. Defendant paid plaintiff the sum of $167 as a deposit, the balance of $600 to be paid upon completion of the work. The agreement expressly provides that "This Agreement Cannot Be Cancelled Without Written Consent Of Both Parties," although plaintiff testified that he verbally informed defendant at the time that she could rescind the transaction within 72 hours of the sale. Moreover, plaintiff agreed to deliver and install the windows and doors by about October 30, 1981, since all but two of the storm windows were not stock sizes and would have to be specially fabricated to the required size.
*248 Plaintiff thereupon ordered the windows and door from the manufacturer. On or about October 26, 1981 plaintiff phoned defendant to advise her that her order had been received. At this time defendant advised him that she no longer wanted the windows and door and was cancelling the sale. Plaintiff attempted several times thereafter to contact defendant by telephone, but his calls were not returned. He then filed this action to recover the balance of $600 under the contract.
Based upon the above findings, it is apparent that the parties entered into a sales contract within the contemplation of the Uniform Commercial Code, N.J.S.A. 12A:2-101 et seq.; Glover School and Office Equipment Co., Inc. v. Dave Hall, Inc., 372 A.2d 221 (Del. Super. Ct. 1977); Bonebrake v. Cox, 499 F.2d 951 (8 Cir.1974). Moreover, it is equally clear that, absent some legal basis for rescinding the agreement, defendant breached the agreement by rejecting the goods before delivery by plaintiff. Ordinarily, on such a breach plaintiff would be entitled to recover as damages from defendant (a) the difference between the contract price and resale price of the goods, minus expenses saved in consequence of defendant's breach, N.J.S.A. 12A:2-706(1), or (b) the difference between the contract price and the market price at the time and place of tender of the goods, less expenses saved because of breach, N.J.S.A. 12A:2-708(1), or the contract price, if the plaintiff cannot resell the goods at a reasonable price because of their specialized nature, N.J.S.A. 12A:2-709(1)(b).
However, defendant contends that upon these same facts she was entitled to rescind the transaction because of a failure on the part of plaintiff to comply with the provisions of the Door-to-Door Home Repair Sales Act, N.J.S.A. 17:16C-95 et seq., and consequently she is not only entitled to recover back the $167 deposit but also treble damages, attorneys' fees and costs under the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.
The Door-to-Door Home Repair Sales Act was enacted by our Legislature in 1968, but heretofore has not been construed in *249 any recorded decisions by the courts of this State. The act was adopted upon an express legislative finding that consumers in this State are frequently induced to enter into home repair contracts for goods and services, which they do not need, through the unsolicited and often unethical persuasion of certain door-to-door sellers. The purpose of the act is "to enable the consumer to reconsider his purchase within a reasonable period of time and to rescind the home repair contract" within three business days of the execution of the contract, N.J.S.A. 17:16C-97. As remedial legislation, the act is to be liberally construed to effectuate its purpose and intent, N.J.S.A. 17:16C-96.
The provisions of this consumer protection legislation applies to any "home repair contract" for a purchase price in excess of $25, which is entered into at a place other than the place of business of the "home repair contractor." The phrase "home repair contract" and "home repair contractor" are not defined in the act itself, but are given content and meaning by the definitions contained in companion legislation regulating door-to-door retail installment sales adopted at the same time, N.J.S.A. 17:16C-61.1 et seq. There the phrase "home repair contract" is substantially defined as an agreement, whether contained in one or more documents, between a home repair contractor and an owner to pay the sales price of goods and services. A "home repair contractor" means any person engaged in the business of selling goods or services pursuant to a home repair contract. "Goods" are defined as including chattels personal which are furnished or used in the modernization, rehabilitation, repair, alteration or improvement of real property with certain specific exceptions; while "services" are defined as labor, equipment and facilities furnished or used in connection with the installation or application of goods in the modernization, rehabilitation, repair, alteration or improvement of real property.
The agreement between the parties in the instant action, dealing as it does with the sale and installation of storm windows and storm doors for residential real property, is the type of *250 consumer contract intended to be regulated by the Door-to-Door Home Repair Sales Act. Hence, the determination of whether defendant had the right to rescind the sale depends upon whether plaintiff complied with the act, and, if not, whether the statutory right of rescission of the buyer continues until compliance has been met.
The statutory scheme set forth in the act requires the home repair contractor to provide to the home owner, at the time of sale, a written receipt setting forth the essential terms of the sale and containing the following legend in at least ten-point bold type: "Notice to Owner: You may rescind this sale provided that you notify the home repair contractor of your intent to do so by certified mail, return receipt requested, postmarked not later than 5 P.M. of the third business day following the sale. Failure to exercise this option, however, will not interfere with any other remedies against the home repair contractor you may possess. If you wish, you may use this page as notification by writing `I hereby rescind' and adding your name and address. A duplicate of this receipt is provided by the home repair contractor for your records." Moreover, the act provides that no such receipt shall contain or be accompanied by any document which contains provisions by which the owner waives his rights under the act. In the event the homeowner elects to rescind, and so advises the home repair contractor within the prescribed time period, the act directs that the owner deliver back to the contractor any goods received and that the contractor return to the owner any monies paid or trade-in articles received in connection with the sale.
It is manifest that plaintiff acted in violation of the Door-to-Door Home Repair Act in not providing defendant with a receipt containing a legend informing defendant of her right to rescind the sale and, also, supplying to her a receipt which expressly purports to waive her statutory rights to unilaterally terminate the transaction.
In view of the legislative directive that this act is to be liberally construed to effectuate its purposes, this court construes *251 the act as conferring upon a homeowner, such as defendant, a continuing right to rescind until such time as the home repair contractor complies with the statutory requirements of providing her with a receipt complying with the format specified in the act. The three-day notification period for rescission does not begin to run against the homeowner until such a receipt is received.
Accordingly, the court finds and determines that having asserted her right to rescind the transaction in these proceedings, defendant is not liable to plaintiff for the balance due under the contract, but on the contrary is entitled to recover, under her counterclaim, the $167 she gave the plaintiff as a deposit on the sale.
Not only does this court find that plaintiff violated the provisions of the Door-to-Door Home Repair Act in this transaction with defendant, but also, in so doing, violated the provisions of the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.
The Consumer Fraud Act proscribes the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation or the knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby. Moreover, administrative regulations adopted by the Department of Law pursuant to statutory authorization ban the misrepresenting to or misleading of consumers concerning their financial obligations under home improvement contracts, N.J.A.C. 13:45A-16.2.
It is apparent to the court, and it so determines, that plaintiff's failure to supply defendant with the statutorily mandated information concerning her rescission rights was an unconscionable commercial practice. In addition, by affirmatively conveying to her a statement that she could not cancel the sale without *252 plaintiff's approval, plaintiff misrepresented to and misled defendant as to her financial obligations under the sales contract. This conclusion that plaintiff violated the Consumer Fraud Act is buttressed by reference to federal legislation regulating the same subject matter, (15 U.S.C.A. §§ 41-58; 16 CFR § 429.1), which designates such conduct, as engaged in here by plaintiff, as an "unfair and deceptive act or practice."
Violation of the Consumer Fraud Act subjects an offender to civil liability for treble damages, attorneys' fees and costs in an action brought by an aggrieved party. In view of the following findings and conclusions in this opinion, it is unnecessary to determine whether prior notice of an intent to assert a claim or defense under the Consumer Fraud Act be given to the Attorney General as a mandatory precondition to such assertion in a private action, N.J.S.A. 56:8-20.
Recovery of treble damages and attorneys' fees in a civil action under the Consumer Fraud Act has been deemed by the courts to be discretionary, rather than mandatory, Daaleman v. Elizabethtown Gas Co., 150 N.J. Super. 78 (App.Div. 1977), rev'd on other grounds, 77 N.J. 267 (1978); see, also, Neveroski v. Blair, 141 N.J. Super. 365 (App.Div. 1976). The court is satisfied, and so finds, that plaintiff acted in ignorance of the requirements of the Door-to-Door Home Repair Sales Act and did not consciously intend to violate any consumer protection rights of defendant. Visiting treble damages and attorneys' fees upon him, in addition to the economic loss to be sustained by rescission of the sales contract and restitution of the initial deposit, appear unnecessary to effectuate the remedial and deterrent purposes of the consumer protection laws involved under the facts herein presented.
Therefore, judgment is entered dismissing plaintiff's complaint and awarding damages in favor of defendant and against plaintiff in the amount of $167 on defendant's counterclaim.