16 A.3d 406 (2011)
419 N.J. Super. 81
RAB PERFORMANCE RECOVERIES, L.L.C., Plaintiff-Appellant,
v.
Aminata GEORGE, Defendant-Respondent.
No. A-2849-09T1.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 2011.
Decided March 15, 2011.
*407 Eichenbaum & Stylianou, L.L.C., attorneys for appellant (John Brigandi, Paramus, on the brief).
Aminata George, respondent pro se.
Before Judges LISA, REISNER and SABATINO.
The opinion of the court was delivered by
REISNER, J.A.D.
This case arises under the Door-to-Door Retail Installment Sales Act of 1968 (DDRISA), N.J.S.A. 17:16C-61.1 to -61.9. We hold that where a seller subject to DDRISA failed to give a buyer the required notice as to how the buyer could cancel the contract, N.J.S.A. 17:16C-61.6(a) and  61.6(b), the buyer's prompt telephone notice of her decision to cancel the contract was effective under the statute. Therefore, we affirm the December 23, 2009 order of the Special Civil Part, dismissing a complaint filed by the seller's assignee, RAB Performance Recoveries, L.L.C.(plaintiff or RAB), against the buyer, Aminata George (defendant).

I
These are the most pertinent facts. On February 14, 2008, a door-to-door salesman persuaded defendant to purchase approximately $5000 worth of textbooks for an online nursing course. When she explained that she would not be ready to start the online course until May 2008, the salesman assured her that the books would not be shipped to her until she requested them. He also told her that she could cancel the contract within three days of signing it. Based on those representations, defendant signed an installment *408 contract to buy the books from The College Network, Inc. (College Network). The contract included written notice that she had the right to cancel within three days, but did not include an explanation as to how that cancellation could be accomplished. Nor did the salesman give defendant the separate receipt, or written cancellation instructions, required by DDRISA and by federal regulations pertaining to door-to-door sales contracts, 16 C.F.R. § 429.1(a), (b).
Despite the salesman's assurances, the books arrived two days after the contract was signed. According to her testimony, defendant called the salesman on February 16, 2008, reminded him that she did not need the books yet, and told him that she wanted to cancel the contract. However, the salesman insisted that she could not cancel the contract after the books were delivered. Defendant called College Network the same day and received the same response; they refused to take the books back and told her she could not cancel once the books were shipped. Thereafter, College Network assigned the contract to RAB, which sued defendant to collect.
After hearing defendant's testimony, the judge offered to adjourn the bench trial to give RAB an opportunity to present testimony from the salesman. RAB declined.
Based on defendant's testimony, which he found credible, the judge found that College Network did not provide her with written notice as to how to cancel the contract. In finding defendant believable, he noted that the packet of contract materials plaintiff entered in evidence did not include a copy of the required cancellation instructions.
The judge found that defendant took reasonable steps to cancel by telephoning both the sales agent and the company and advising them that she wanted to cancel. They misinformed her by telling her that she had no right to cancel the contract and that she could not return the books. Based on those facts, the judge concluded that defendant was not required to provide written cancellation notice; that she had acted reasonably by giving oral notice of the cancellation within three business days of signing the contract; and that the cancellation was effective. He directed defendant to give plaintiff's counsel the unopened boxes of books, which she had brought with her to court, and he dismissed the complaint.

II
The Door-to-Door Retail Installment Sales Act of 1968 was enacted to protect consumers from unscrupulous sales practices:
The Legislature hereby finds and declares that the consumer is frequently induced to enter into retail installment sales contracts for goods which he does not need through the unsolicited and often unethical persuasion of certain door-to-door sellers. It is the purpose of this act to enable the consumer to reconsider his purchase within a reasonable period of time and to rescind the sale if he acts before 5 p.m. of the third business day following the day on which the contract is executed.
[N.J.S.A. 17:16C-61.3.]
To protect consumers, DDRISA permits a buyer to rescind the contract by providing the seller "a notice of intent to rescind... by certified mail, return receipt requested, postmarked not later than 5 p.m. of the third business day following the day on which the ... contract is executed." N.J.S.A. 17:16C-61.5(a)(1). The statute is remedial legislation which is to be "liberally construed to effectuate [its] purposes *409 and intent" to protect consumers. N.J.S.A. 17:16C-61.2.
In United Consumer Financial Services Co. v. Carbo, 410 N.J.Super. 280, 299-300, 982 A.2d 7 (App.Div.2009), we held that DDRISA was partially preempted by federal regulations on the same subject, but only to the extent that the federal regulations offered consumers greater protection. See 16 C.F.R. § 429.0 to § 429.3.[1] Pursuant to those regulations, adopted by the Federal Trade Commission, consumers have until midnight of the third business day after executing the contract to provide written notice of cancellation, and they need not send the notice by certified mail. United Consumer, supra, 410 N.J.Super. at 299-300, 982 A.2d 7; see 16 C.F.R. § 429.1(a), (b). By their terms the federal regulations do not preempt state consumer laws, except to the extent those laws offer less protection. 16 C.F.R. § 429.2. Thus, consumers are entitled to the protections of DDRISA, but are held to the less-stringent federal cancellation procedures. United Consumer, supra, 410 N.J.Super. at 300, 982 A.2d 7.
Both DDRISA, N.J.S.A. 17:16C-61.6(b), and the federal regulations, 16 C.F.R. § 429.1(a), require that a door-to-door installment sales contract, or an accompanying receipt document, include a notice of the buyer's right to cancel within three business days. They also require the seller to give the buyer two copies of a form or receipt that explains in detail how to cancel the contract. This document must explain that the buyer can sign it and return it to the seller as the cancellation notice. 16 C.F.R. § 429.1(b); N.J.S.A. 17:16C-6(a), -6(b).
Notices given to the consumer at the time of a retail installment sales contract are important to achieving the goal of the "cooling-off period," which is to allow consumers to avoid improvident purchases made from door-to-door sellers. These notices, which must be given in duplicate under both schemes, N.J.S.A. 17:16C-61.6(a); 16 C.F.R. § 429.1(a), serve two functions. One, the notice describes the consumer's rights and obligations, and two, it is the form the consumer can use to cancel the sale. DDRISA uses the term "receipt" to refer to these critical forms and directs use of prominent introductory language, "NOTICE TO BUYER." N.J.S.A. 17:16C-61.6. The FTC rule allows the seller to select one of two labels for the form"NOTICE OF RIGHT TO CANCEL" or "NOTICE OF CANCELLATION." 16 C.F.R. § 429.1(b). [United Consumer, supra, 410 N.J.Super. at 301, 982 A.2d 7.]
A buyer who cancels a contract pursuant to DDRISA must surrender possession of any of the goods that the seller has already delivered, N.J.S.A. 17:16C-61.5(a)(2). Within ten days after receiving the cancellation notice, the seller must pick up that merchandise "at his own expense." N.J.S.A. 17:16C-61.5(b)(1).
Under the federal regulations, failure to provide the required notice "constitutes an unfair and deceptive act or practice." 16 C.F.R. § 429.1(b). The regulations also prohibit a merchant from misrepresenting "in any manner the buyer's right to cancel." 16 C.F.R. § 429.1(f). DDRISA provides that a seller's "willful" failure to give the buyer the required notice or to pick up the merchandise after receiving a cancellation *410 notice, is a disorderly persons offense. N.J.S.A. 17:16C-61.8.
In this case, the trial judge credited defendant's testimony that the seller failed to give her written notice as to how she could cancel the contract, and later told her she had no right to cancel. He further reasoned that, in the absence of the required notice, she made a reasonable effort to cancel. The judge gave plaintiff an opportunity to present testimony from the salesman who sold defendant the books, and who might have refuted her contentions, but plaintiff declined to present that witness.
We are bound by the judge's factual findings so long as they are supported by substantial credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974). We owe particular deference to the judge's evaluation of witness credibility. Cesare v. Cesare, 154 N.J. 394, 412, 713 A.2d 390 (1998). We find no basis to disturb the judge's factual findings on this record. Based on those facts, we conclude that the complaint was properly dismissed.
In a similar case, decided under the Door-to-Door Home Repair Act of 1968 (the Act), N.J.S.A. 17:16C-95 to -103, which provides the same protections as DDRISA, a consumer informed a salesman by telephone that she wanted to cancel the contract she had recently signed for the installation of storm doors on her house. Swiss v. Williams, 184 N.J.Super. 243, 247-48, 445 A.2d 486 (Cty.Ct.1982), overruled on other grounds, Skeer v. EMK Motors, Inc., 187 N.J.Super. 465, 473, 455 A.2d 508 (App.Div.1982). However, the salesman disregarded her statement and sued her to collect on the contract. The court concluded that the buyer was not bound by the Act's requirement that she give the seller written notice of cancellation, because the seller failed to provide her with a written cancellation form as required by the Act, N.J.S.A. 17:16C-100(b).
It is manifest that plaintiff acted in violation of the Door-to-Door Home Repair Sales Act in not providing defendant with a receipt containing a legend informing defendant of her right to rescind the sale and, supplying to her a receipt which expressly purports to waive her statutory rights to unilaterally terminate the transaction.
In view of the legislative directive that this act is to be liberally construed to effectuate its purposes, this court construes the act as conferring upon a homeowner, such as defendant, a continuing right to rescind until such time as the home repair contractor complies with the statutory requirements of providing her with a receipt complying with the format specified in the act. The three-day notification period for rescission does not begin to run against the homeowner until such a receipt is received.
Accordingly, the court finds and determines that having asserted her right to rescind the transaction in these proceedings, defendant is not liable to plaintiff for the balance due under the contract.
[Id. at 250-51, 445 A.2d 486.]
We agree that a door-to-door seller who fails to provide the statutorily-required notices concerning cancellation procedures cannot insist on the buyer's strict compliance with those procedures.[2] Like the Act, DDRISA is to be liberally construed to *411 achieve its goal of consumer protection. N.J.S.A. 17:16C-61.2; N.J.S.A. 17:16C-96. Both statutes specifically require the seller to provide the buyer with two copies of a receipt that sets forth written notice of the right to cancel and instructions on how and when the buyer may exercise that right; that receipt also serves as a user-friendly cancellation form that the buyer can mail back to the seller. N.J.S.A. 17:16C-61.6(b); N.J.S.A. 17:16C-100(b). In this case, the seller did not provide the required written instructions or the cancellation form. Moreover, in violation of the federal regulations, 16 C.F.R. § 429.1(f), the seller misinformed the buyer by telling her that she had no right to cancel and she could not return the books. Under these circumstances, the seller was not entitled to the written cancellation notice DDRISA requires.
Indeed, we would defeat the Legislature's purpose if we allowed the seller to deprive the buyer of the statute's protections, while insisting on strict compliance by the buyer. See Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553, 964 A.2d 741 (2009) (consumer protection legislation construed so as to "effectuate the Legislature's intent"). The buyer acted reasonably by providing prompt telephone notice of cancellation and offering to return the merchandise. Her actions thus served the underlying purpose of the statute "to enable the consumer to reconsider [her] purchase within a reasonable period of time and to rescind the sale." N.J.S.A. 17:16C-61.3. We agree that defendant effected a valid cancellation, and the complaint was properly dismissed.
Affirmed.
NOTES
[1] The trial court mistakenly concluded that the federal regulations did not apply to sales of instructional materials. In fact, 16 C.F.R. § 429.0(b) specifically includes "courses of instruction or training" in the definition of "consumer goods or services" that are covered by the regulations.
[2] We do not hold that a seller's failure to comply with N.J.S.A. 17:16C-61.6 gives a buyer an unlimited amount of time to cancel a contract. Nor do we read Swiss as giving a buyer such an unlimited cancellation right.