**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2534-17T1

CHANCELLOR ARMS TWO
REALTY GROUP, LLC,

      Plaintiff-Respondent,

v.

OMAR CLYBURN,

      Defendant-Appellant.

_____

      Submitted December 11, 2018 – Decided January 8, 2019

      Before Judges Geiger and Firko.

      On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-038324-17.

      Omar Clyburn, appellant pro se.

      Ehrlich, Petriello, Gudin & Plaza, PC, attorneys for respondent (Matthew A. Sebera, on the brief).

PER CURIAM

      Defendant Omar Clyburn appeals from a January 24, 2018 judgment of possession granted to his former landlord, plaintiff Chancellor Arms Two Realty

Group, LLC, in this summary eviction action.  Judgment was granted pursuant to N.J.S.A. 2A:18-61.1(a), premised on the trial judge's finding that defendant failed to pay rent and additional rent as defined in a written lease.  Defendant argues that his constitutional rights were violated and he had a defense for non-payment of rent.  We reject these arguments and affirm.

Plaintiff owns and operates a residential apartment complex in Newark. In June 2016, defendant commenced his tenancy in plaintiff's complex.  He executed a lease agreement obligating him to pay monthly rent of $900, a late fee of $60 for rent not received by the fifth day of the month it is due, and legal fees for any default.  After failing to pay November 2017 rent, plaintiff filed a non-payment of rent action.  Trial was scheduled for January 9, 2018, before a prior judge who adjourned the matter to January 24, 2018.  At trial, plaintiff presented undisputed evidence that defendant failed to pay rent for the months of November 2017, December 2017, and January 2018 totaling $2700.  Late fees totaling $180 and a counsel fee of $130 were awarded resulting in a total judgment of $3010.

The trial judge provided defendant with an ample opportunity to present a defense, which he failed to do.  The trial judge aptly found:

> [Plaintiff] entered into a lease agreement wherein [it]
> agreed to . . . provide possession of the premises known

as 222 Chancellor Avenue, Unit 308, in Newark, New Jersey, and [defendant] agreed at that time to pay rent in the amount of $900 per month and also agreed, pursuant to the lease, to pay late fees and attorney's fees if [it] become[s] necessary in order to enforce the terms of the lease.

In return for the - - for the occupancy, [defendant] agreed to pay those sums. And the evidence is uncontroverted that he has not paid those sums in . . . November, December and January and has not paid those sums, nor any late fees and it is uncontested. No evidence has been presented to me to indicate that - - that those sums were paid.

A judgment of possession was entered that day and a warrant of removal issued, followed by a lockout. Defendant is no longer in possession of the apartment.

In our review of a judgment following a bench trial, we defer to a trial judge's factual findings, if "supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974) (citing N.J. Tpk. Auth. v. Sisselman, 106 N.J. Super. 358, 370 (App. Div. 1969)). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting In re Trust Created by Agreement Dated

December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). Further, "particular deference" attaches to credibility determinations, RAB Performance Recoveries, LLC v. George, 419 N.J. Super. 81, 86 (App. Div. 2011), as the trial judge is in the best position to observe the witnesses and hear them testify. Cesare v. Cesare, 154 N.J. 394, 412 (1998).

In his brief, defendant argues that his constitutional rights were violated and that his "unrebutted affidavit of truth" submitted to the trial court became a judgment "in commerce." We have reviewed the record and find no merit to defendant's arguments.

N.J.S.A. 2A:18-61.1(a) permits an eviction when a tenant "fails to pay rent due and owing under the lease whether the same be oral or written . . . ." Here, the uncontroverted evidence presented by plaintiff proved the existence of a written lease; that defendant took possession of the apartment; and that he failed to pay rent and additional rent as described herein. The trial judge found plaintiff's proofs to be credible and defendant lacking a defense. We decline to disturb the trial judge's credibility findings which are well supported by the record. See Zaman v. Felton, 219 N.J. 199, 215-16 (2014).

We find no error. The judgment of possession was properly granted. The balance of defendant's arguments lack sufficient merit to discuss in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2534-17T1